**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

               v.                      15-CR-60-A
                                        **DECISION AND ORDER**

ROBERT BROWN,

              Defendant.
_____

This case is here on the Defendant's motion for bail pending sentencing. For the reasons stated below, the motion is denied.

## BACKGROUND

On October 5, 2015, the Defendant pled guilty to conspiracy to possess with intent to distribute, and to distribute, cocaine. The Defendant's plea agreement anticipates that, after receiving a safety valve departure pursuant to U.S.S.G. § 2D1.1(b)(17), as well as a departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), the Defendant's base offense level is 10. Combined with the Defendant's anticipated criminal history category of I, the plea calculates the Defendant's Sentencing Guidelines' range at 6-12 months. The plea, however, also anticipates that the Government may file a motion pursuant to U.S.S.G. § 5K1.1. If the Government files such a motion, and if the Court grants it, a departure of just two levels would result in a Sentencing Guidelines' range of 0-6 months.

The Defendant was originally released on conditions. *See* Docket 19. On February 24, 2016, however, the Defendant appeared before the Court after violating certain terms of his pretrial supervision. *See* Feb. 24, 2016 Minute Entry. The Defendant was remanded and has been in custody since that date. It appears that, to

1

date, the Defendant has been in custody for approximately 60 days. The Defendant is currently scheduled to be sentenced on July 21, 2016. He has now moved for bail pending sentencing.

## DISCUSSION

A defendant, like the one in this case, who has pled guilty to a violation of the Controlled Substances Act for which the maximum term of imprisonment is ten years or more "shall . . . be detained unless," among other things,[1] the Court "finds by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). *See also id.* § 3143(a)(2) (incorporating by reference the presumption of detention found in § 3142(f)(1)(C)); 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(C) (imposing a maximum twenty-year sentence for the violation to which the Defendant pled guilty).

The Defendant's bail motion does not meet this standard. His primary argument for bail—that he has been in custody for a period of time longer than his likely sentence—rests on two assumptions: first, that the Government will file a § 5K1.1 motion; and second, that the Court will impose a sentence of probation. The current record provides no basis for either assumption. First, although the plea agreement anticipates that the Government *may* file a § 5K1.1 motion, the Government has not yet done so, and the decision to do so is, of course, within the Government's sole discretion. *See* Plea ¶ 24; *Wade v. United States*, 504 U.S. 181, 185 (1992) (observing that § 5K1.1 "gives the Government a power, not a duty, to file a motion when a

---

[1] To be eligible for bail pending sentencing, the Bail Reform Act also requires either (1) that the Court find that "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or (2) that the Government recommend a non-prison sentence. 18 U.S.C. § 3143(a)(2)(A)(i)-(ii). Neither requirement is met in this case.

defendant has substantially assisted"). Second, the Defendant has not pointed to anything in the record suggesting that a sentence of probation might be appropriate in this case. And even if he had, the Defendant's argument that he has been in custody for more time than his Sentencing Guidelines' range has no relevance to the question whether he is "likely to flee or pose a danger to any other person or the community." § 3143(a)(2)(B).

The Defendant also suggests that he is entitled to bail because he is not receiving adequate medical care at the Steuben County Jail, where he is currently detained. The U.S. Probation Office, however, states that the U.S. Marshals Service has confirmed—on two separate occasions—that the Steuben County Jail provides the Defendant with his medication on a daily basis. Moreover, the Defendant points to no evidence suggesting that he needs to be released to receive adequate medical treatment. Finally, the Defendant does not suggest that inadequate medical treatment has any relevance to the issue posed by the Bail Reform Act—that is, whether the Defendant, if released, is "likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(2)(B).

## CONCLUSION

For the reasons stated above, the Defendant's motion for bail pending sentencing (Docket 48) is denied. As noted, the Defendant is currently scheduled to be sentenced on July 21, 2016. The parties shall appear for a status conference on July 8, 2016 at 9 a.m. so that the Court may reconsider whether the Defendant should be released on bail in the event that the Government requests an additional sentencing adjournment.

**SO ORDERED.**

Dated: April 22, 2016             _s/Richard J. Arcara_
     Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                          UNITED STATES DISTRICT JUDGE